No. 25,667.

CECILIA ORESNIK, *Appellee,* v. THE CUDAHY PACKING COMPANY *Appellant.*

SYLLABUS BY THE COURT.

COMPENSATION ACT—*Release Procured by Fraud—Not Binding on Workman.* During the pendency of an action to obtain compensation for an injury to a workman resulting in permanent partial incapacity, plaintiff was induced by misrepresentation and fraud to sign a release for a grossly inadequate consideration. The contention of defendant was that she did not believe the representations made and was not deceived thereby. At the trial and on cross-examination of plaintiff, who was inexperienced and unfamiliar with the English language, she made some statements implying that she did not believe the representations made, but upon a consideration of all the evidence and the accompanying circumstances it is held that the evidence tends to show that she was deceived and defrauded, and also that improper influences were exerted to procure the execution of the release.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed February 8, 1925. Affirmed.

*J. E. McFadden,* and *O. Q. Claflin, Jr.,* both of Kansas City, for the appellant.

*George H. West,* and *P. W. Croker,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from an award under the workmen's compensation law to Cecilia Oresnik, a worker in the defendant's packing plant, who suffered an injury to her hand which resulted in partial incapacity for work. She asked for compensation at $6 per week for 416 weeks, amounting to $2,496, and upon a trial was awarded $1,896.

There was no dispute as to the nature and extent of the injury, but the defendant pleaded and the testimony tended to show that after beginning the action defendant procured her to sign a release and an order of dismissal of the action upon a payment of the consideration of $600. She replied and tendered evidence to show that the release was procured by misrepresentations, undue influence and fraud, and she therefore claimed that it was without binding effect. The only point presented by the defendants against the judgment is that the plaintiff cannot impeach a release or be re-

lieved from its obligations upon the ground of false and fraudulent statements which she did not believe and by which she was not deceived. It is contended that some of her answers given on cross-examination showed that she did not rely on the statements which she claimed were false and fraudulent. The plaintiff is a Croatian, who claimed she could not understand English, and it appears that she testified through an interpreter. After her injury and partial recovery she obtained employment at the packing plant of Armour & Company. The false representations of which there is complaint were made in three separate visits to the Armour plant, and appear to have been made with the coöperation of the representatives and agents of the Armours, and through the urge and influence of both of them she was induced to sign the release. According to her testimony they represented to her that under the compensation law which they professed to find in a book, no more than $500 or $600 could be allowed, and that if she prosecuted her action against the defendant she would lose her job at the Armour plant and would be barred from employment at all other packing houses. She testified that she was scared by the threat of the loss of her job, so that she did not know in fact what she was doing when she accepted a personal check of $600 and signed the papers presented. It appears the papers were read to her, but not in her own language. In the course of a cross-examination she said that before a settlement was made she said in reply to a question that she knew she could get more than $600 by going through the lawsuit, and believed that she could. At another stage of the trial she said that when she cashed the check she intended to sue, and when asked if she had in mind at the time she settled that she would try to get more if she could, she answered that she thought she ought to get more; and again when asked if when she cashed the check she intended to get more if she could, she said she thought she could. In answer to another question she said she was going to try to do so. Some of these statements carried the implication that she did not believe the representations of defendants nor rely on them when the release was executed. Her answers indicate, however, not only that she imperfectly understood the English, but also tended to show a lack of comprehension of the import of some of the questions asked through the interpreter. Her testimony, therefore, should be read with this condition in view. The whole testimony tends to show

that in the answers relied on to defeat her action she was in effect saying that she hoped to get more and believed she was entitled to more, rather than a lack of belief in the representations made to her. Then coupled with the fraudulent representations there is the improper influence or duress mentioned, which itself is a species of fraud. It appears that the plaintiff depended on work at packing houses to support herself and two children, and she was told that unless she settled with defendant and signed the prepared papers she would lose her job at Armours and would be barred from employment at all other packing houses. The parties were not upon an equal footing in the negotiations, as plaintiff was inexperienced and unfamiliar with the language employed. She was being pressed for the execution of a release, not only by the agent and attorney of the defendant, but the agent and attorney of her then employer had joined with defendants and thrown their influence with defendant to secure the release that she signed. She says that the threat and fear of the loss of employment frightened her so that she did not know what she was doing or what she had signed. There appears to be no substantial dispute as to the fraudulent misrepresentations and undue influence of which she complains, and upon the theory that fraud was established and upon a consideration of all the circumstances shown, we are unable to say that the plaintiff is barred by the ambiguous statements made on cross-examination to the effect that she thought she could get more by a prosecution of her action.

The judgment of the district court is affirmed.